83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ana Hortencia SALAZAR-OBANDO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70902.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1996.*
Decided April 22, 1996.
 
 Before: HUG, Chief Judge, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ana Hortencia Salazar-Obando ("Salazar"), a native and citizen of Nicaragua, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying her application for political asylum and withholding of deportation pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). Because both parties are familiar with the factual and procedural background of this case, we do not repeat them here. We deny the petition.
 
 
 3
 A determination of the BIA concerning a petitioner's asylum eligibility "must be upheld if it is 'supported by reasonable, substantial and probative evidence on the record considered as a whole.' " Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (quoting INS. v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). Thus, a petitioner must demonstrate that "the evidence he presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Id.
 
 
 4
 While we do not question Salazar's credibility or her subjective fear of persecution, we find that the BIA did not err in adopting the decision of the immigration judge ("IJ"). The IJ concluded that Salazar is not entitled to political asylum because she failed to establish either past persecution or an objectively reasonable fear of future persecution, as is required pursuant to 8 U.S.C. § 1101(a)(42), in order to qualify for refugee status. See 8 U.S.C. § 1158(a). Because the IJ's decision contained an adequate explanation of its reasoning, which the BIA explicitly adopted, there is no need to remand to the BIA for clarification. See Castillo v. INS, 951 F.2d 1117, 1121 (9th Cir.1991).
 
 
 5
 In support of her claim of past persecution, Salazar testified that Sandinista-dominated organizations sought to coerce her into participating in political activities that violated her beliefs. They did so by taking away her family's food ration card, limiting the classes that she could take as a student at the university, and, in the case of a leader of the Sandinista Youth Group, physically threatening her. She also testified that a family in her neighborhood with ties to the military sought revenge against her sister because they believed her sister had killed their son. As a result, Salazar said, she would be in danger if she returned because she was sometimes mistaken for her sister.
 
 
 6
 Salazar's testimony does not establish past persecution. The denial of a ration card does not amount to persecution. Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985). The limitations placed upon Salazar's studies at the university also do not constitute persecution. See DeSouza v. INS, 999 F.2d 1156, 1159 (7th Cir.1993). Salazar was not denied the opportunity to study at the university altogether. Rather, she was not allowed to study what she wanted, and she could not obtain her grades unless she picked coffee, a requirement that was imposed on all students. See Kotasz v. INS, 31 F.3d 847, 852 (9th Cir.1994).
 
 
 7
 The threats made by the Sandinista Youth leader, Uvense, do not provide evidence of past persecution because they do not appear to have been politically motivated. See Castillo v. INS, 951 F.2d at 1121. Salazar testified that "he wanted to have something with me, but I rejected him." Further, there is no evidence that Uvense actually harmed Salazar, even though she remained in the country for another two months after the threats were made. Similarly, the dispute between Salazar's sister and the neighborhood family is a personal dispute that does not support a finding of past persecution.
 
 
 8
 Salazar also has not established a well-founded fear of future persecution. Although Uvense visited Salazar's family once after she left Nicaragua, there is no indication that he returned. Further, any threat posed by Uvense in the future, as in the past, is of a personal nature. The same is true of any danger posed by the neighborhood family that Salazar alleges has a vendetta against her sister. Finally, to the extent that the Sandinistas made life for Salazar difficult by attempting to coerce her into participating in political activities, such government enforced participation has ended, according to the State Department. Even if this were not the case, however, such coercion would not amount to persecution because it affects the entire population.
 
 
 9
 We recognize that the Sandinistas continue to play an important rule in the governance of Nicaragua and that past persecution by the Sandinista government may, in some cases, give rise to a strong inference of future persecution, notwithstanding the change of government in 1990. However, this is not such a case. Neither has Salazar suffered the kind of "atrocious" past persecution that warrants granting asylum as a matter of discretion. Finally, because Salazar does not meet the requirements of refugee status, she also does not meet the stricter requirements for withholding of deportation. See Elnager v. INS, 930 F.2d 784, 786 (9th Cir.1991). Therefore, we deny the petition for review.
 
 
 10
 PETITION DENIED.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3